UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE: 2:07-CR-136-RL-PRC |
| | ) | |
| KEVIN A. DORTCH, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Verified Motion for Determination of Mental Competency of the Defendant, Kevin A. Dortch [DE 13], filed by defense counsel Arlington Foley on October 11, 2007. In the Motion, Attorney Arlington Foley requests that the Court order an evaluation of the Defendant to determine his mental competency in accordance with 18 U.S.C. § 4241. Attorney Arlington Foley states that he has good cause, based on his conversations with the Defendant and based on conversations that he has had with the Defendant's mother, to believe that the Defendant does not presently fully understand the nature and consequences of the proceedings against him and that the Defendant is presently unable to assist properly in his defense.

On October 9, 2007, the Court held an initial appearance and arraignment. Present at the hearing were the Defendant, defense counsel Arlington Foley, and Assistant United States Attorney Thomas S. Ratcliffe. During the hearing, Attorney Arlington Foley made an oral motion for a competency evaluation. The Court denied the motion without prejudice and with leave to refile by written motion. Also during the hearing, the Government, by Assistant United States Attorney Tom Ratcliffe, stated that it had no objection to the Defendant being ordered to undergo a competency evaluation.

Section 4241 of Title 18 of the United States Code instructs:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant.

> The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a).

Finding the existence of such "reasonable cause", the Court now hereby **GRANTS** the Verified Motion for Determination of Mental Competency of the Defendant, Kevin A. Dortch [DE 13] and **ORDERS** the following:

1. Pursuant to 18 U.S.C. § 4247(b), the Defendant is committed to the custody of the United States Attorney General or his designated representative for placement in a suitable facility closest to this Court for examination by a licensed or certified psychiatrist or psychologist. The period of commitment is for such a reasonable period of time as needed to fulfill the requirements of this Order, but not to exceed thirty (30) days.[1] *See* 18 U.S.C. § 4247(b). The statutory commitment period provided in 18 U.S.C. § 4247(b) shall not commence until the day the Defendant arrives at the facility for evaluation.

2. The examination shall determine whether at this time there is reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. This examination shall be conducted as soon as practicable upon arrival at the facility.

3. The appropriate authorities of the facility shall render as soon as practicable a written

---

[1] The director of the facility may apply for a reasonable extension, but not to exceed fifteen (15) days under section 4241. *See* 18 U.S.C. § 4247(b).

report with respect to the matters set forth above pursuant to 18 U.S.C. § 4247(c). This report shall be filed with the Court, with copies to counsel for the Defendant and the Government. The report shall include:

    a.    The Defendant's history and present symptoms;

    b.    A description of the psychiatric, psychological, and medical tests that were employed and their results;

    c.    The examiner's findings; and

    d.    The examiner's opinions as to diagnosis, prognosis, and whether the Defendant suffers from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The Court further **ORDERS** that the period of delay resulting from the examination process to determine the mental competency of the Defendant shall be excluded in computing the time within which the trial of this case must commence pursuant to the Speedy Trial Act, l8 U.S.C. § 3161(h)(l)(A).

Upon receipt of the report, the competency issue will then proceed to an in-court hearing pursuant to l8 U.S.C. § 4247(d). Accordingly, the Court **SETS** this matter for a competency hearing on **February 1, 2008, at 9:30 a.m.** (C.S.T.), before the undersigned Magistrate Judge, to review the written report and make a determination on the competency of the Defendant.

The Court **VACATES** the current settings in this matter, including the December 3, 2007 Jury Trial setting, to be reset by separate Order.

SO ORDERED this 16th day of October, 2007.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:   All counsel of record  
      Judge Rudy Lozano  
      U.S. Marshal Service/Bureau of Prisons