UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:07 CR 136 |
| | ) | |
| KEVIN DORTCH | ) | |

**OPINION and ORDER**

This matter is before the court on defendant Kevin Dortch's amended motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 85.) For the reasons that follow, the motion will be denied.

**I.     BACKGROUND**

In September 2009, following his guilty plea, Dortch was sentenced to a 240-month term of imprisonment, to be followed by a three-year term of supervised release, for bank robbery by force or violence or intimidation, in violation of 18 U.S.C. § 2113(a). (DE # 52.) Dortch is currently incarcerated at FCI Milan, in Milan, Michigan. Dortch is 51 years old and has a projected release date of September 28, 2024. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Mar. 19, 2021).

Dortch, with the assistance of counsel, has filed an amended motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 85.) Dortch has prostate cancer and will soon require treatment that will compromise his immune system. (DE # 86-2; DE # 88-1.) Dortch also has asthma and is obese. (DE # 86-2.) Dortch claims that his medical conditions, as well as the conditions of his incarceration, place him at significant risk of contracting, and falling seriously ill from, COVID-19. (DE

# 86.) He argues that this risk constitutes an extraordinary and compelling reason justifying his early release from prison. (*Id.*)

The Government opposes Dortch's motion. (DE # 90.) This matter is fully briefed and is ripe for ruling.

## II. ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment it is once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1. Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request

by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

On March 24, 2020, Dortch filed a request for compassionate release with the warden of his prison. (DE # 86-1 at 2.) His request was denied on April 29, 2020. (*Id.* at 3.) Dortch filed an administrative appeal, which was denied on June 12, 2020. (*Id.* at 4.) He filed his original, *pro se,* petition for compassionate release on August 7, 2020. (DE # 73.) The Government does not argue that Dortch has not met the exhaustion requirement. (DE # 90 at 12, n.2.) Accordingly, the court finds that Dortch has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

### 2. Extraordinary and Compelling Reasons

The court is only authorized to grant defendant's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

3

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Dortch argues that his cancer, need for cancer treatment, obesity, and asthma, place him at an increased risk of serious illness, were he to contract COVID-19. (DE # 86 at 6.) The CDC reports that having cancer increases a person's risk for severe illness from COVID-19, as does obesity. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 22, 2021). The CDC reports that having moderate-to-severe asthma may increase a person's risk for severe illness from COVID-19. *Id.* Dortch has provided evidence that his asthma is severe. (DE # 88-1 at 4.) Dortch has also provided evidence that, as a result of

4

the proposed cancer treatments, he will be immuno-compromised. (*Id.*) The CDC reports that people that are in an immuno-compromised state may be at an increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, *supra.* Finally, the CDC reports that people who have two high-risk conditions (including asthma and obesity) are four and a half times as likely to require hospitalization for treatment of COVID-19. *COVID-19 Associated Hospitalization Related to Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/downloads/covid-data/hospitalization-underlying-medical-conditions.pdf (last visited Mar. 22, 2021).

      Dortch also argues that the conditions of his incarceration place him at an increased risk of contracting the virus. Dortch argues that he is confined in close quarters with other inmates and staff members at his prison, he is unable to separate himself from those who do not take the proper precautions, and claims that his prison has demonstrated an inability to control the spread of the virus. (DE # 86 at 11-13.)

      The BOP reports that in FCI Milan, the prison where Dortch is incarcerated, 258 of the prison's 1,243 inmates, and 78 staff members, contracted the virus and recovered. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Mar. 22, 2021); *FCI Milan*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/mil/ (last visited Mar. 22, 2021). Today, the spread of the virus at this facility appears to be well controlled. Currently, the prison has 0 inmate and 2 staff cases of COVID-19. *COVID-19 Coronavirus*, *supra.* There have

5

been 3 inmate and 0 staff deaths due to the virus. *Id.*

Under the circumstances, Dortch has not established an extraordinary and compelling reason warranting compassionate release. While his medical conditions do place him at an increased risk of severe illness and hospitalization were he to contract COVID-19, the virus has been effectively controlled at his facility and there are currently *zero* inmate cases of COVID-19. Accordingly, defendant is not entitled to compassionate release.

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic to defendant's situation and his concern about potentially becoming infected with COVID-19, the circumstances in this case do not amount to an extraordinary and compelling reason justifying his early release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, defendant's motion will be denied.

## III.     CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's amended motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 85). The court **DENIES as moot** defendant's *pro se* motion for compassionate release. (DE # 73.)

**SO ORDERED.**

Date: March 25, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT